**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 24-6503**

————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

EDDIE SAMUEL RODRIGUEZ-PINTO,

        Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:19-cr-00017-D-1)

————————

Submitted:  February 14, 2025                Decided:  March 20, 2025

————————

Before NIEMEYER and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

**ON BRIEF:**  Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Samuel Rodriguez-Pinto appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines. We review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). In considering whether to reduce a sentence under § 3582(c)(2), the district court must first determine whether the prisoner is eligible for a reduction and, if so, the extent of the reduction authorized. *Id.* The court must then "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks omitted).

Here, the district court found that Rodriguez-Pinto was eligible for a sentence reduction and properly recalculated his revised advisory Guidelines range. But the court declined to exercise its discretion to reduce Rodriguez-Pinto's sentence based on its assessment of the § 3553(a) factors. Contrary to Rodriguez-Pinto's assertion on appeal that the court did not adequately explain its reasoning, we discern no abuse of discretion in the district court's decision. *See United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023) (explaining that "[t]he touchstone" in reviewing an order denying a § 3582(c)(2) motion "is simply whether the district court set forth enough to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review" (cleaned up)).

2

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*